IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| IN THE MATTER OF THE | ) | No. 39337-2-III |
| VULNERABLE ADULT | ) | |
| PROTECTION ORDER FOR | ) | |
| | ) | UNPUBLISHED OPINION |
| | ) | |
| | ) | |
| SYLVIA KAREN HUMRICH. | ) | |

PENNELL, J. — Phillip Humrich appeals a vulnerable adult protection order (VAPO) filed against him by his brother, Bart Humrich, on behalf of his mother, Sylvia Humrich.[1] We affirm.

## FACTS

Sylvia Humrich is 83 years old and suffers from dementia. She is married to Dennis Humrich and together they have three sons: Phillip Humrich, Timothy Humrich, and Bart Humrich. In 2014, Phillip began living with Sylvia and Dennis in their home in Idaho. During this time, brothers Bart and Timothy grew concerned about Phillip's treatment of Sylvia and shared their thoughts with Phillip. Phillip denied any mistreatment and, by 2016, he ceased contact. Without any connection through Phillip, Bart and Timothy lost contact with their mother.

---

[1] As they share a last name, we refer to the parties by their first names.

Sylvia reconnected with Bart and Timothy in 2021. She had fallen and broken her hip,[2] requiring surgery and long-term, inpatient rehabilitation care. She requested to be discharged to Bart's home and has lived there ever since.

In 2022, Bart filed a VAPO on behalf of Sylvia against Phillip. The petition alleged that on August 30, 2022, Phillip and Dennis paid a visit to Sylvia and then took her back to Idaho without her belongings or necessary medications. The petition stated Sylvia is unable to make sound decisions on her own behalf due to her dementia. According to the petition, Sylvia lacked the capacity to protect herself from Phillip's alleged mental and physical abuse and assertion of control over her. The petition requested Sylvia be returned to Bart's home, where she had been living since 2021.

Several documents were filed in support of the petition, including medical records and declarations from Timothy and his wife. According to the declarations, Sylvia had repeatedly expressed fear of both Phillip and Dennis. When Sylvia lived with Phillip and Dennis, she frequently tried to get away and sought refuge at a neighbor's house. The declarations cited examples of Phillip and Dennis ridiculing and controlling Sylvia.

---

[2] Phillip's response to the VAPO petition states Sylvia broke her right leg. However, medical records state she broke her hip.

One of Phillip's methods of control was to monitor and listen to Sylvia's telephone calls. The medical records included a note from Sylvia's doctor, stating Sylvia "has dementia and is not able to take care of herself." Clerk's Papers at 63. Sylvia reported to her doctor that she was afraid of Phillip and her husband and did not want to be around them. According to the doctor, it was "important" that Sylvia get back to the care of Bart and his wife. *Id.*

Phillip denied the allegations in the petition. Phillip claimed he was the one who had Sylvia's best interest in mind and that his brothers were interested only in Sylvia's money. Phillip asserted Sylvia did not actually want to live with Bart and his wife, but wanted to live in Idaho, and that it was her competent choice to return with him to Idaho.

Phillip submitted several documents in support of his position, including a police report and a declaration from Dennis. The police report stated that when Sylvia was contacted on August 30, 2022, she said she felt safe with Phillip and Dennis and wanted to stay in Idaho with her husband. Dennis's declaration stated that Phillip had never abused Sylvia and that Bart had refused to listen to Sylvia when she expressed her desire to live in Idaho.

The court held a hearing on the petition and considered the parties' written submissions along with Sylvia's live testimony. During her testimony, Sylvia agreed she

"probably" told her doctor that she was afraid of Phillip and Dennis. Rep. of Proc. (Oct. 17, 2022) at 21. Sylvia went on to testify that she did not want to live with her husband and that she was not "free" while living with Phillip in the house. *Id*. at 21, 23. Sylvia denied being afraid of Phillip and denied needing protection from Phillip.

The court weighed the competing evidence and determined Sylvia wanted to live with Bart, not Phillip. The court found insufficient evidence of physical abuse, but found by a preponderance of the evidence that the petition established the elements for a VAPO by way of "mental abuse" and "personal exploitation." *Id*. at 31. The court granted the VAPO, prohibiting Phillip from having any contact with Sylvia.

Phillip now appeals.

## ANALYSIS

Phillip's first argument on appeal is that the trial court erroneously relied on a preponderance of the evidence standard in issuing the VAPO. Phillip claims Sylvia objected to entry of the VAPO. Given this circumstance, Phillip argues the trial court should have either invoked a clear and convincing standard of proof pursuant to *In re Vulnerable Adult Petition for Knight*, 178 Wn. App. 929, 317 P.3d 1068 (2014), or dismissed the VAPO petition altogether pursuant to RCW 7.105.225.

We reject Phillip's position because Sylvia did not object to entry of the VAPO. While Sylvia denied needing protection from Phillip, she never claimed the court should not enter a VAPO. To the contrary, Sylvia's testimony tended to support the protection order. She unambiguously stated she did not want to live with her husband Dennis. And she repeatedly stated she was not "free" while living with Phillip. Sylvia's memory problems limited her ability to clearly articulate her thoughts. Nevertheless, the totality of the circumstances indicate Sylvia was not challenging the entry of a VAPO. The VAPO was therefore properly adjudicated according to proof by a preponderance of the evidence. *See* RCW 7.105.225(1) (identifying the "preponderance of the evidence" standard).

Phillip next argues substantial evidence does not support issuance of a VAPO. The substantial evidence standard requires considerable deference to the trial court. The standard does not permit reweighing the evidence or reassessing witness credibility. *In re Welfare of X.T.*, 174 Wn. App. 733, 737, 300 P.3d 824 (2013). Furthermore, when reviewing whether there is substantial evidence to support an order, our court "need only consider [the] evidence favorable to the prevailing party." *Endicott v. Saul*, 142 Wn. App. 899, 909, 176 P.3d 560 (2008).

Our substantial evidence analysis begins with examining the required elements for a VAPO. The relevant statute authorizes issuance of a VAPO if the court finds that the party to be protected "has been abandoned, abused, financially exploited, or neglected" or is threatened by such action by the respondent. RCW 7.105.225(1)(d). "Abuse" is defined to include mental abuse and personal exploitation. RCW 7.105.010(2).

Relevant here, Washington defines "mental abuse" as

an intentional, willful, or reckless verbal or nonverbal action that threatens, humiliates, harasses, coerces, intimidates, isolates, unreasonably confines, or punishes a vulnerable adult. "Mental abuse" may include ridiculing, yelling, swearing, or withholding or tampering with prescribed medications or their dosage.

RCW 7.105.010(2)(b). "Personal exploitation" is defined as

an act of forcing, compelling, or exerting undue influence over a vulnerable adult causing the vulnerable adult to act in a way that is inconsistent with relevant past behavior, or causing the vulnerable adult to perform services for the benefit of another.

RCW 7.105.010(2)(c).

Ample evidence supports the trial court's decision to issue a VAPO on the basis of mental abuse and personal exploitation. The declarations filed by Bart attested to instances where Phillip ridiculed Sylvia. According to Bart's witnesses, Phillip also removed Sylvia from her home without accounting for prescribed medications. Multiple witnesses reported that Sylvia was fearful of Phillip. These facts justified a finding of

6

mental abuse. In addition, Bart's evidence showed Phillip controlled Sylvia by monitoring her phone calls and limiting her interactions with Bart and Timothy. During the hearing, Sylvia herself testified that she did not feel free while living with Phillip in the house. This evidence justified a finding of personal exploitation.

We recognize the evidence in this case was contested. The trial court could have credited Phillip's version of the events and denied the VAPO. But the mere fact that Phillip presented potentially credible evidence does not mean that the trial court's decision was unjustified. We are not in a position to second guess the trial court's assessment of which evidence was most believable. Because the facts before the court justified issuance of the VAPO, we must credit the trial court's disposition.

## CONCLUSION

The VAPO is affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Pennell, J.

WE CONCUR:

_____   _____
Lawrence-Berrey, C.J.         Fearing, J.

7